IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JANICE LEE BAET RUANO,           )
                                         )
      Debtor/Appellant,        )
                                         )      Civil Action No. 1:22-cv-1439 (RDA/IDD)
      v.                       )      Bankruptcy Case No. 22-11154-KHK
                                         )
JANET M. MEIBURGER,         )
                                         )
      Chapter 7 Trustee/Appellee.  )

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Appellant Janice Lee Baet Ruano's ("Appellant" or "Debtor") appeal of the United States Bankruptcy Court for the Eastern District of Virginia's ("Bankruptcy Court") denial of the Appellant's claimed exemption.  The Court dispenses with oral argument because it would not aid in the decisional process.  Fed. R. Civ. P. 78; E.D. Va. Loc. Civ. R. 7(J).  The Court has reviewed the bankruptcy record (Dkt. 2-1), Appellant's opening brief (Dkt. 5), and Appellee Janet M. Meiburger's, ("Appellee" or "Trustee") response brief (Dkt. 6).  Having considered the issues presented in this appeal, the Court AFFIRMS the judgment of the Bankruptcy Court for the reasons that follow.

II. Background

A. Factual Background

On August 31, 2022, Appellant filed for Chapter 7 bankruptcy in the Bankruptcy Court. Dkt. 2-1 at 1.  Prior to filing for bankruptcy, Appellant often engaged in the practice of having her paycheck deposited into a USAA Federal Savings Bank account ending in 8143, and then transferring $100 dollars a month from her paycheck into a Barclays savings account ending in 8289 to create a "rainy day fund" for herself.  Dkt. Nos. 2-1 at 116 (Debtor's Opposition to

Trustee's Objection); 6 at 1.  Appellant submitted her schedules as required by the Bankruptcy Code, and one of the assets listed was the Barclays Bank account ending in 8289, with a balance of $5,317.52.  Dkt. 5 at 4-5.  Appellant claimed that an exemption applied to the Barclays account in the amount of $3,750.00 as wages pursuant to Va. Code Section 34-29.[1]  *Id.*

On November 2, 2022, the Trustee filed an objection with the Bankruptcy Court objecting to Appellant's claimed exemption of $3,750.  *Id.* at 6.  Appellant filed an opposition to the Trustee's objection on November 25, 2022.  *Id.*  In advance of the contested hearing scheduled for November 29, 2022, the Trustee filed copies of bank statements from the USAA account and the Barclays account from January to August 2022, with the Bankruptcy Court.  Dkt. 6 ¶ 6.  On November 29, 2022, the parties appeared before the Bankruptcy Court for a hearing conducted via Zoom, and both parties made arguments to support their respective positions.  Dkt. 5 at 5-6.  At the hearing the Trustee stated the following concerning the facts of the case:

> Your Honor, I filed some exhibits with the Court yesterday. The issue – and I'd just like to state so we have a common starting point – is Ms. Ruano's paycheck was deposited into her USAA account. And if you look at Exhibit 2, there's no dispute about the facts. But you can see from the statements that I filed as Exhibit 2, it's very clear there are direct deposits that are marked as payroll. And then every month she transferred a hundred dollars into her Barclays account. And the issue is – from the USAA account to the Barclays account.  The issue is whether the wage exemption, which clearly applied to the USAA account, continued to apply when the funds were transferred to the Barclays account.

---

[1] Virginia Code § 34-29(a) provides that the maximum amount of earnings subject to garnishment is 25% of disposable earnings.

The term "earnings"  means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, payments to an independent contractor, or otherwise, whether paid directly to the individual or deposited with another entity or person on behalf of and traceable to the individual, and includes periodic payments pursuant to a pension or retirement program[.]

Va. Code Ann. § 34-29(d)(1) (2021).

Dkt. 3 at 2-3.  The Trustee then argued that the case law is clear that once wages undergo a subsequent transfer, they are no longer exempt.  *Id.* at 5-7.  The Appellant argued that the exemption should apply because "the wages can be traced" to Appellant's paycheck, so the wages should remain exempt under Va. Code Section 34-29.  *Id.* at 9.  Appellant also relied on various case law to support her position.  Dkt. 5 at 5.  There was no live testimony or documentary evidence presented during the hearing.  *See generally* Dkt. 3 (Hearing Transcript).  The Bankruptcy Court found for the Trustee and held: (i) that the wage exemption was invalid as to the Barclays account because it represented a subsequent transfer; and (ii) that Appellant's cited case law was inapposite.  Dkt. 3 at 12-13.  This appeal followed.

## II. STANDARD OF REVIEW

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526-27 (E.D. Va. 2010) (citation omitted).  Thus, the district court reviews questions of fact under the "clearly erroneous" standard.  *Id.*  "The clear error standard requires 'a reviewing court [to] ask whether on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citations omitted)).  Legal conclusions are reviewed *de novo*.  *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004).  In cases where the issues present mixed questions of law and fact, the Court employs "a hybrid standard, applying to the factual portion of each inquiry the same standard applied to questions of pure fact and examining *de novo* the legal conclusions derived from those facts." *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996) (internal citation omitted).  Decisions committed

3

to the bankruptcy court's discretion are reviewed for abuse of discretion.  *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

### III. ANALYSIS

The issue on appeal is whether the Bankruptcy Court wrongly denied Appellant's claimed exemption where the Trustee did not present live testimony or documentary evidence at the hearing.  Dkt. 5 at 4.  As the Bankruptcy Court's oral order sustaining the Trustee's objection rested solely on legal determinations,[2] this Court will review the decision de novo.

"[T]he decision of a bankruptcy court 'must be affirmed if the result is correct' even if the lower court relied upon 'a wrong ground or gave a wrong reason.'"  *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (D. Md. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)).  Accordingly, this Court may "affirm the bankruptcy court on any ground supported by the record."  *LeCann v. Cobham (In re Cobham)*, 551 B.R. 181, 189 (E.D.N.C.), *aff'd*, 669 F.App'x 171 (4th Cir. 2016), *reh'g denied* (Nov. 29, 2016).

The Bankruptcy Court sustained the Trustee's objection to Appellant's exemption pursuant to Fed. R. Bankr. P. 4003(c) and disallowed the Appellant's claimed exemption.  Dkt. 6 at 11-12.  "The Federal Rules of Bankruptcy Procedure requires that the objecting party prove that the claimed exemptions are not valid."  Fed. R. Bankr. P. 4003(c); *In re Hurst*, 239 B.R. 89, 92 (Bankr. D. Md. 1999); *In re Hanes*, 162 B.R. 733, 736 (Bankr. E.D.Va. 1994).  Appellant contends that the Trustee did not meet her burden of proof because she did not present *any* evidence at the hearing to support her objection.  Dkt. 5 at 6.  The Trustee argues that, because the facts were undisputed, she was not required to introduce evidence at the hearing, and that even still, the bank

---

[2] At the hearing, the parties both acknowledged that the facts were not in dispute.  *See* Dkt. 6 at 2 ("[T]here's no dispute about the facts."); 10 ("I don't think we are fighting over any facts.").

statements at issue were made part of the record in advance of the hearing and Appellant did not challenge them.[3]  Dkt. 6 at 4.

The Court finds that the Trustee met her burden of proof and that the Bankruptcy Court did not err in upholding the Trustee's objection to Appellant's claimed exemption.  In advance of the hearing on the Trustee's objection, the Trustee filed bank statements from both the USAA account and the Barclays account as two exhibits.  At the hearing, the Trustee referenced the exhibits as she described the facts, *id.* at 2-3, and Appellant affirmed the facts that the exhibits purported to support, *id.* at 9-10.   Both parties stipulated to the only salient facts applicable to the objection: that Appellant transferred $100 from her paycheck each month from her USAA account into her Barclays account.  *Id.* at 3, 9.  Appellant never challenged any of the underlying facts offered during the Trustee's argument.  Accordingly, after hearing argument from Appellant and the Trustee, the Bankruptcy Judge concluded that *In re Meyer*, 211 B.R. 203, 211 (Bankr. E.D. Va. 1997) controlled because it dealt with subsequent wage transfers.  Dkt. 3 at 12-13.

Appellant now argues, for the first time, that because the exhibits filed with the Bankruptcy Court prior to the hearing were not admitted into evidence at the hearing, they cannot support the Bankruptcy Judge's finding.  However, Appellant cites no case law stating that a bankruptcy judge cannot rely on the representations of the parties when the facts are undisputed.  Nor does Appellant cite to any cases that stand for the proposition that a party must present live testimony or formally admit documentary evidence where the facts are undisputed.  Further, other district courts have held in a variety of contexts that where facts are undisputed, it is unnecessary to provide live

---

[3] The Trustee argues that her objection should be analyzed under Bankruptcy Rule 7056 as a motion for summary judgment. Dkt. 6 at 4.  The Trustee does not cite to any case law indicating that objections to wage exemptions should be treated as motions for summary judgment when a motion for summary judgment had not previously been filed, so this Court declines to analyze the Trustee's objection under that framework.

testimony or other documentary evidence, particularly where doing so would be redundant. *See In re Gasprom, Inc.*, 515 B.R. 765, 772 (C.D. Cal. 2014) (affirming the decision of the bankruptcy court in a foreclosure proceeding where no live witness testimony was presented and the bankruptcy court relied solely on the undisputed testimony presented in the depositions); *see also Jones-Bey v. Davis*, 80 F. App'x 472, 474 (7th Cir. 2003) (finding that since the underlying facts of the charge were undisputed, additional evidence, such as live testimony, was unnecessary); *c.f. Dean v. Specialized Sec. Response*, 876 F. Supp. 2d 549, 559 (W.D. Pa. 2012) (holding that it was appropriate to exclude testimony where the authenticity of a document was undisputed and defendant did not articulate an alternative reason to require testimony other than to authenticate the document). Thus, this Court finds that the Trustee satisfied her burden of proof and was not required to submit additional evidence as to facts that were submitted to the Bankruptcy Court prior to the hearing and affirmed by both parties at the hearing.

The cases cited by Appellant do little to support her position and are not persuasive. First, in *In re Ventura,* a trustee accused debtors of acting with fraudulent intent in utilizing a joint motor vehicle exemption. No. 10-79815-DTE, 2011 WL 1979864, at *1 (Bankr. E.D.N.Y. May 20, 2011). The only evidence presented at the hearing was the title to the vehicle at issue. *Id.* The court in *Ventura* found for the debtors because the trustee admitted that he was unable to find case law in support of his position and because there was a lack of evidence *anywhere* in the record pointing to fraudulent intent. *Id.* Critically, in *Ventura*, unlike in the instant case, the facts were disputed. The trustee in *Ventura* argued that the debtors acted with fraudulent intent while the debtors claimed that there was no ill intent and that they were merely engaging in routine pre-bankruptcy planning. *Id.* Here, the parties do not dispute that Appellant transferred money from her USAA account to her Barclays account or any of the other facts. The only dispute is whether

the caselaw favors the Appellant or the Trustee, based on the agreed upon facts, making *Ventura* inapposite.

Further, in *In re Kana*, also cited by Appellant, the court found it fatal to a Chapter 7 trustee's motion for turnover that the trustee did not call any witnesses or present any documentary evidence at the hearing to support his disputed allegation that the debtors had an interest in a unitrust.  No. BR 10-30455, 2011 WL 1753208, at *2 (Bankr. D.N.D. May 6, 2011).  Again, this case is readily distinguishable because it involved disputed facts.  Since the trustee failed to show clear and convincing evidence of the debtors' interest at the hearing, the court found in the debtor's favor.  *Id.*  No such dispute is present here.  *Id.*  Finally, Appellant's reliance on *Shearer v. Oberdick* is also misplaced.  90 B.R. 687 (Bankr. W.D. Pa. 2013).  In *Shearer*, after a lengthy trial regarding whether debtors were engaging in a fraudulent scheme, the court found for the debtors where the trustee failed to enter two exhibits into evidence and only motioned to supplement the record after the conclusion of the trial.  *Id.* at 704-05.  In *Shearer*, the facts were also in dispute, and the court specifically noted that "nothing in the pleadings or other pretrial filings" established the facts in question.  *Id.* at 704.  Here, not only is there no dispute as to the facts, but both parties confirmed the specific transactions and the amounts in their pretrial filings and at the hearing before the Bankruptcy Court.

As the salient facts here were not in dispute, the Bankruptcy Judge correctly concluded that the case law presented by the Trustee governed.  At the hearing, the Trustee cited *Meyer* in support of the proposition that when a debtor's paycheck is deposited into one bank and then transferred to another bank, the funds lose their exempt status.  Dkt. 3 at 5.  *Meyer* involved similar facts.  211 B.R. at 211.  In *Meyer*, the debtor was paid his retirement pay into a Navy Federal Credit Union Bank account and he subsequently transferred the payment into a non-designated account at

George Mason Bank. *Id.* at 212. The Bankruptcy Court found that once the debtor transferred his retirement pay from one bank to the other, the statutory exemption no longer applied. *Id.* Specifically, the court in *Meyer* held that the statutory language of Va. Code Ann. 34-299(d)(1) does not apply to "subsequent transfers by the employee to other financial institutions." *Id.* at 211. Other bankruptcy courts in the Eastern District have also endorsed this view. *See In re Rivenbark*, No. BKR. 10-11055-SSM, 2010 WL 2643323, at *2 (Bankr. E.D. Va. June 29, 2010) (citing *Meyer* to explain when the wage exemption applies). Since *Meyer*, the legislature has had the opportunity to address subsequent transfers and amend the statutory language but has chosen not to do so. Ultimately, the case law on this issue is well settled that subsequent wage transfers are no longer subject to the exemption.

At the hearing before the Bankruptcy Court, Appellant cited to a workers' compensation case where a subsequent transfer retained its exempt status. Dkt. 3 at 9-10. However, since the workers' compensation cases are controlled by a different statutory scheme, they are inapposite. The applicable caselaw from within this District supports the Bankruptcy Court's holding. Accordingly, this Court finds that due to the subsequent transfer of the funds, the Barclays bank account is not covered by the wage exemption and affirms the judgment of the Bankruptcy Court.

IV. CONCLUSION

For the foregoing reasons, the Court upholds the Bankruptcy Court's order, and it is hereby ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.

Should Appellant wish to appeal this Order, she must do so by filing a notice of appeal with the Clerk of this Court within thirty (30) days after entry of this Order, pursuant to Rules 4, 5 and 6 Fed. R. App. P.  Failure to file a timely notice of appeal waives the right to appeal.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record for all parties and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
November 2, 2023

_____ /s/
Rossie D. Alston, Jr.
United States District Judge